# GRIFFIN et al. v. COUNTY SCHOOL BOARD OF PRINCE EDWARD COUNTY et al.

No. 592.   Decided January 6, 1964.

*Robert L. Carter* and *S. W. Tucker* for petitioners.

*Robert Y. Button*, Attorney General of Virginia, *R. D. McIlwaine III*, Assistant Attorney General, *Frederick T. Gray, Collins Denny, Jr., John F. Kay, Jr., C. F. Hicks* and *J. Segar Gravatt* for respondents.

*Solicitor General Cox, Assistant Attorney General Marshall* and *Harold H. Greene* for the United States, as *amicus curiae*, in support of the petition.

PER CURIAM.

This case is one of the school segregation cases which we dealt with nearly a decade ago in *Brown* v. *Board of Education,* 347 U. S. 483, 349 U. S. 294.   After remand, numerous opinions were written by the District Court and the Court of Appeals* but the mandate issued at the time of the *Brown* case has never been implemented.   In 1956 the Board of Supervisors decided not to levy taxes or appropriate funds for integrated public schools; and white children have attended white-only schools operated by the Prince Edward School Foundation, which has received state support.   The District Court enjoined allowance of such support (198 F. Supp. 497) and held that the public schools could not remain closed while public schools in other counties stayed open.   207 F. Supp. 349.   Thereafter litigation was instituted in the Virginia courts which

---

*See 249 F. 2d 462, reversing 149 F. Supp. 431; 266 F. 2d 507, reversing 164 F. Supp. 786.

resulted in a ruling by the Virginia Supreme Court of Appeals that the Virginia Constitution compels neither the State nor the county to reopen the public schools in Prince Edward County or to furnish funds for that purpose. 204 Va. 650, 133 S. E. 2d 565. The Court of Appeals, prior to that decision, vacated the judgment of the District Court with instructions to abstain from further proceedings until the Virginia state decision became final (322 F. 2d 332)—a judgment which was stayed by MR. JUSTICE BRENNAN on September 30, 1963, "pending the timely filing and disposition of a petition for a writ of certiorari." The case is here on a petition for certiorari which raises not only the propriety of the judgment of the Court of Appeals insofar as it directed the District Court to abstain until the Virginia courts had acted, but other issues going to the merits.

In view of the long delay in the case since our decision in the *Brown* case and the importance of the questions presented, we grant certiorari and put the case down for argument March 30, 1964, on the merits, as we have done in other comparable situations without waiting for final action by the Court of Appeals. See 28 U. S. C. § 1254 (1); *Youngstown Co.* v. *Sawyer,* 343 U. S. 579, 584; *Wilson* v. *Girard,* 354 U. S. 524, 526.